GRIGG (FRY v.). See Case No. 5,139.

GRIGGS (COX v.). See Case No. 3,302.

---

# Case No. 5,827.

## GRIGSBY v. LOVE et al.

[2 Cranch, C. C. 413.] [1]

Circuit Court, District of Columbia. May 22, 1823.

### ATTACHMENT—PRIORITY OF LIEN.

In attachments in chancery, under the statute of Virginia, the attaching creditors have priority according to the time of service of their respective attachments.

There were six chancery attachments, served at different times in behalf of several creditors. The question was whether all the attaching creditors shall come in pari passu, or whether the attachment first served shall have the preference. The case was at November term, 1821.

Mr. Taylor and Mr. Mason, for the first creditor.

The bills do not aver that Love is insolvent. These attachments are all under the statute, and not under the general principles of equity. They do not affect the whole of the debtor's property. By the act of assembly of 26th December, 1792 (page 115), the attached effects may be delivered to the plaintiff. To which of these plaintiffs shall they be delivered, if they are to be shared equally by all? Although in the form of suits in equity, these attachments are, in effect, actions at law, and the plaintiff is entitled to the benefit of his own diligence. Love is merely an absent, not an absconding, or an insolvent debtor. The principle, pari passu, applies only to cases of insolvency, or where the whole funds are before the court, as a court of equity, and are insufficient to pay all. The statute gives jurisdiction to a court of chancery in such cases merely as a mode of getting at the effects. Wilson v. Koontz, 7 Cranch [11 U. S.] 204.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Swann, contra, for the subsequent creditors.

The statute says that the court may "make such order and decree therein as shall appear just." A just decree would be a decree for equal distribution among all the creditors. The property cannot be delivered over to the plaintiff until the return of the process, and then all the attachments are returned together; and the court may order the attached effects to be distributed, or to be delivered to the plaintiff or plaintiffs "upon their giving security for the return thereof to such persons and in such manner as the court shall direct." No reported case in Virginia has decided this question.

THE COURT continued the case for advisement, and to obtain information as to the practice of the courts in Virginia upon this statute. At May term, 1822, the case was mentioned again, and the case of Wright v. Hencock, 3 Munf. 526, was cited. And now at May term, 1823, Mr. Taylor stated to the court that he was informed by the chancellor of Virginia that the rule pari passu does not apply to attachments of this kind; and on the 22d of May, 1823, this court so decided. THRUSTON, Circuit Judge, absent.